IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 112-041 |
| | * | |
| DWAYNE H. ANDERSON | * | |

O R D E R

On October 20, 2020, Defendant Dwayne H. Anderson filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) claiming to have serious medical conditions that make him a more serious health risk in the present circumstances of the COVID-19 pandemic.[1]  The Government opposes the motion.

The "compassionate release" provision of § 3582(c)(1)(A) provides a narrow path for a defendant in "extraordinary and compelling circumstances" to leave prison early.  In consideration of a compassionate release motion, the Court is constrained to follow the applicable policy statements issued by the United States Sentencing Commission.  See 18 U.S.C. § 3582(c)(1)(A).  The existing policy statement, U.S.S.G. § 1B1.13, provides that in

---

[1] The Court received for filing another motion for compassionate release on November 3, 2020.  Because this second filing is identical to the first, the Clerk is directed to **TERMINATE** the second motion (doc. no. 80).

addition to the existence of extraordinary and compelling reasons, the defendant must not present a danger to the safety of any other person or the community. Application Note 1 lists three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) a serious medical condition; (2) advanced age; and (3) family circumstances. Id. n.1(A)-(C).[2]

Defendant's motion possibly implicates the first category. The Sentencing Commission has clarified that a "serious physical or medical condition" "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and [is one] from which he or she is not expected to recover." U.S.S.G. § 1B1.13, n.1(A)(ii). Defendant claims that he suffers from "Hypertension, Asthma, Sleep Apnea, High Cholesterol, Stage (2) two Chronic Kidney Disease, and Gerd = Acid Reflux Disease." (Def.'s Mot., Doc. No. 77, at 2.) While Defendant submitted certain medical records to support some of his

---

[2] The application note also provides a catch-all category: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D). The Court has not been made aware that the BOP Director has sanctioned Defendant's early release.

2

claims, the Government has provided a more complete picture of Defendant's health.[3]

Defendant's listed ailments in and of themselves do not satisfy the criteria for a serious medical condition in that he has not shown that they substantially diminish his ability for self-care in the prison setting. Rather, Defendant claims that his ailments during the COVID-19 pandemic present a serious medical condition because they are listed by the Centers for Disease Control ("CDC") as significant risk factors.

The CDC reports that the following underlying medical conditions "are at increased risk of severe illness from the virus that causes COVID-19": cancer; chronic kidney disease; COPD; certain serious heart conditions, immunocompromised state (weakened immune system) from solid organ transplant; obesity; severe obesity; pregnancy; sickle cell disease; smoking; and type 2 diabetes mellitus. See Centers for Disease Control, *People with Certain Medical Conditions,* available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited on November 10, 2020). Of these, Defendant claims to have chronic kidney disease. However, his medical records show that his chronic kidney disease was in

---

[3] Upon due consideration, the Government's motion to seal Defendant's inmate medical records (doc. no. 79) is **GRANTED**. The Clerk shall seal Exhibit A to the Government's response in opposition to the motion for compassionate release.

3

remission in November 2018 and was "resolved" on April 30, 2020. (Gov't Resp. in Opp'n, Doc. No. 78, Ex. A at 53.) Thus, the medical evidence does not support Defendant's claim that he has chronic kidney disease which places him at an increased risk of severe illness should he contract COVID-19. Moreover, hypertension and moderate-to-severe asthma "might" place a person at an increased risk should he contract COVID-19, see Centers for Disease Control, *People with Certain Medical Conditions,* available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html; however, the Court cannot conclude that the "might" category qualifies an illness as sufficiently serious to warrant compassionate release. Besides, Defendant's medical records do not show his asthma is moderate-to-severe and his hypertension appears to be well-controlled with medication.[4] In fact, overall it appears that Defendant is receiving regular and appropriate medical care. Finally, in consideration of the BOP's response to the COVID-19 pandemic generally and the status within Defendant's facility particularly,[5] Defendant has not established that he is uniquely

---

[4] The CDC does not list high cholesterol, acid reflux disease or sleep apnea as risk factors.

[5] The BOP reports that USP Lewisburg currently has active COVID cases in two staff members and no inmates; 87 inmates and 12 staff members have recovered from COVID. See www.bop.gov/coronavirus (last visited on November 10, 2020).

4

positioned to be so adversely affected by COVID-19 that his release is warranted.

Further, prior to ordering release, the Court must consider the sentencing factors of 18 U.S.C. § 3553(a).  <u>See</u> 18 U.S.C. § 3582(c)(1)(A).  In Defendant's case, these factors weigh against his release in light of the nature and circumstances of his offense and his significant criminal history.  Also, because Defendant has six years remaining on his sentence, early termination of his sentence would fail to reflect the seriousness of the offense, promote respect for the law, provide just punishment, or afford adequate deterrence.  Thus, the Court would not exercise its discretion to release Defendant even if he qualified for release under the compassionate release provision.

Upon the foregoing, Defendant's motion for compassionate release (doc. no. 77) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 12th day of November, 2020.

_____
UNITED STATES DISTRICT JUDGE

5