IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | *   CR 112-041 |
| | * |
| DWAYNE H. ANDERSON | * |

O R D E R

Defendant Dwayne H. Anderson has filed a second motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The Court denied the motion on November 12, 2020, because his medical condition against the backdrop of the COVID-19 pandemic did not constitute an extraordinary and compelling reason warranting early release. Defendant claims his health has deteriorated, and he therefore now qualifies for relief. (Doc. No. 89.)

The compassionate release provision permits a defendant to bring a motion for compassionate release only after either exhausting administrative rights to appeal the Bureau of Prison's failure to bring such a motion or the passage of thirty days from the defendant's unanswered request to the warden for such relief. 18 U.S.C. § 3582(c)(1)(A). In this case, Defendant admittedly has not filed a new request for relief with the warden of his present place of incarceration, FCI Williamsburg; instead, he falls back on his original request to USP Lewisburg in June 2020, which was

submitted prior to filing his first motion for compassionate release.

The Government contends that this request is insufficient to exhaust administrative remedies and seeks dismissal of Defendant's motion. The Court agrees. With its expertise, the BOP is better positioned to assess an individual inmate's present circumstances than the Court. Defendant, however, has deprived his current facility of the opportunity to assess his new circumstances. See United States v. Mogavero, 2020 WL 1853754, at *2 (D. Nev. Apr. 13, 2020) ("Proper exhaustion necessarily requires the inmate to present the same factual basis for the compassionate-release request to the warden."); United States v. Valenta, 2020 WL 1689786, at *1 (W.D. Pa. Apr. 7, 2020) ("To properly exhaust administrative remedies . . . the administrative complaint must raise the same claims asserted in the federal court filing."). The omission of the BOP from the process is fatal to Defendant's present bid for compassionate release.

Further, the Court is constrained to note that even if Defendant had exhausted his administrative remedies, his motion would be denied. In order to grant a motion for compassionate release, the Court must find the following conditions are met: (1) extraordinary and compelling circumstances exist; (2) adherence to the Policy Statement in U.S.S.G. § 1B1.13 (including a finding that the defendant is not a danger to the community); and (3)

support in the sentencing factors of 18 U.S.C § 3553(a). <u>United States v. Tinker</u>, 14 F.4th 1234, 1237-38 (11th Cir. 2021). Absence of even one of these requirements would foreclose a sentence reduction. <u>Id.</u>; <u>United States v. Giron</u>, 15 F.4th 1343, 1348 (11th Cir. Oct. 13, 2021) ("[C]ompassionate release is permissible only if all three findings are made.").

Here, while his medical condition involves serious issues, Defendant has not demonstrated that his medical needs are not being adequately met by the Bureau of Prisons or that they rise to the level of decline required by U.S.S.G. § 1B1.13.[1]  Besides, Defendant has been fully vaccinated which significantly reduces his risk of exposure to COVID-19.  Also, Defendant has presented no new evidence or argument that convinces the Court that the statutory purposes of sentencing under 18 U.S.C. § 3553(a) are served by early release.  Accordingly, Defendant has not demonstrated an entitlement to compassionate release on the present record.

Finally, the Court recognizes Defendant's recent filing – "Judicial Notice to the Court" – in which he complains about his

---

[1] In order to rise to the level of extraordinary and compelling under § 3582(c)(1)(A)(ii), a serious medical condition must "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility" or be one "from which [the inmate] is not expected to recover." <u>See</u> U.S.S.G. § 1B1.13 cmt. n.1(A).

3

facility's failure to provide proper filters for his CPAP machine and other conditions of his confinement. These claims involving his facility's response to the COVID-19 pandemic generally and its individualized treatment of Defendant are not cognizable in the context of a § 3582(c) motion. Instead, Defendant must raise these claims in a civil suit brought pursuant to 42 U.S.C. § 1983. Moreover, because Defendant is housed in FCI Williamsburg in Salters, South Carolina, this Court would not have jurisdiction over a § 1983 case. See, e.g., United States v. Spinner, 2021 WL 280059, *5 (S.D. Ala. Jan. 27, 2021) (cited sources omitted). Defendant would instead need to file a § 1983 case in the District of South Carolina.

Upon the foregoing, the Government's motion to dismiss Defendant's motion for compassionate release (doc. no. 90) is hereby **GRANTED**. The Clerk is directed to **TERMINATE** Defendant Anderson's motion for compassionate release (doc. no. 89). Defendant's motion to seal his exhibits to his Reply Brief (doc. no. 96) is **GRANTED**.

**ORDER ENTERED** at Augusta, Georgia, this 15th day of February, 2022.

_____
UNITED STATES DISTRICT JUDGE